AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

**FILED MAR - 4 2011 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA**

UNITED STATES OF AMERICA

V.

**ALEJANDRO ALQUINTA**
Defendant.

Case Number: 1:10CR00425-001

USM Number: Unassigned

Defendant's Attorney:
Jonathan Simms, Esquire; and David Dischley, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | Felony | March 2006 | 1 |

As pronounced on March 4, 2011, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 4th day of March 2011.

/s/
Liam O'Grady
United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case Page 2 of 6
Sheet 2 - Imprisonment

Defendant's Name: ALEJANDRO ALQUINTA
Case Number: 1:10CR00425-001

# IMPRISONMENT

The defendant is hereby committed into the custody of the United States Bureau of Prisons to be imprisoned for a total term of: TWELVE (12) MONTHS PLUS ONE (1) DAY .

The defendant shall surrender for service of sentence **AFTER JUNE 1, 2011,** as directed by the probation office once designated by the Bureau of Prisons.

The Court makes the following recommendation to the Bureau of Prisons:

1) that the defendant be designated to a facility in the Northern Virginia area to be near family.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Defendant's Name:    ALEJANDRO ALQUINTA
Case Number:        1:10CR00425-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state or local crime.

    The defendant shall not unlawfully possess or use a controlled substance. Unless mandatory drug testing is waived, the defendant shall submit to one drug test within 15 days of release from custody and periodic drug tests thereafter, as determined by the Court.

    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

    The defendant shall comply with the standard conditions that have been adopted by this court as well as with any special conditions of supervision.

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days before any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or as an agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant's Name:     ALEJANDRO ALQUINTA
Case Number:     1:10CR00425-001

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall provide the probation officer with access to requested financial information.

2) As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563 (a)(5). However, this does not preclude the United States Probation Office from administering drug tests as they deem appropriate.

3) The defendant shall comply with the standard conditions of supervised release.

4) The defendant shall pay restitution in the amount of $604,155.00 in monthly payments to be determined by the probation officer to begin within 60 days of release from confinement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 5 - Criminal Monetary Penalties

Page 5 of 6

| Defendant's Name: | ALEJANDRO ALQUINTA |
|---|---|
| Case Number: | 1:10CR00425-001 |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $604,155.00 |
| TOTALS: | $100.00 | $0.00 | $604,155.00 |

No fines have been imposed in this case.
The Court waives the cost of prosecution, incarceration, and supervised release.
The defendant must make restitution (including community restitution) to the following payees in the amount listed below.
If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C Section 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Count | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| SEE ATTACHED RESTITUTION JUDGMENT | 1 | $604,155.00 | $604,155.00 | |
| TOTALS: | | $604,155.00 | $604,155.00 | |

Payments of Restitution are to be made payable to Clerk, U.S. District Court.
The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 6 - Schedule of Payments

Page 6 of 6

Defendant's Name:     ALEJANDRO ALQUINTA  
Case Number:     1:10CR00425-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

The restitution shall be paid as directed by the probation officer.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment or fine by the United States.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**SEE ATTACHED CONSENT ORDER OF FORFEITURE.**

FILED
IN OPEN COURT

MAR - 4 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:10CR00425-01 |
| | ) | |
| ALEJANDRO ALQUINTA | ) | |
| | ) | |
| Defendant. | ) | |

**RESTITUTION JUDGMENT**

1. The defendant is sentenced to pay restitution in the amount of $604,155.00, jointly and severally with any co-defendants who are ordered to pay restitution for the same loss.[1]

2. The amount of restitution paid to a victim shall not exceed the victim's total loss from the offense of conviction.

3. The victim's name, address, and the victim's total loss amount is listed in Attachment A to this Restitution Judgment.

4. Interest:

   __X__ is waived.

   _____ accrues as provided in 18 U.S.C. § 3612(f).

5. Restitution is due immediately, and notwithstanding any other provision of this Restitution Judgment, the Government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practical.

6. If incarcerated, the Court encourages the defendant to participate in the Bureau of Prison's Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

7. The defendant shall pay to the Clerk at least $_____ per month beginning _to be determined by the probation officer to begin 60 days after release from confinement._

---

[1] There are no presently known co-defendants, but the investigation is ongoing.

United States of America v. Alejandro Alquinta, No. 1:10cr00425-01
Restitution Judgment, page 2

8. All payments shall be made to the Clerk of Court, United States District Court, 401 Courthouse Square, Alexandria, VA 22314.

9. The defendant shall notify, within 30 days, the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, VA 23510 of: (a) Any change of name, residence, or mailing address; and (b) Any material change in economic circumstances that affects the ability to pay restitution.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

/s/
Liam O'Grady
United States District Judge

LIAM O'GRADY
UNITED STATES DISTRICT JUDGE

ENTERED this 4th day of March, 2011.

at Alexandria, Virginia

WE ASK FOR THIS:

Neil H. MacBride
United States Attorney

Uzo Asonye
Counsel for the United States
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314-5794
Phone:  703-299-3964
Fax: 703-299-3981
Email: Uzo.Asonye@usdoj.gov

SEEN AND AGREED:

Alejandro Alquinta
Defendant

Jonathan Simms
Counsel for Defendant
11325 Random Hills Road, Suite 360
Fairfax, VA 22030
Phone: 202-528-7064
Fax: 703-225-3333
Email: jsimms_esq@yahoo.com

Alejandro Alquinta
Defendant

United States of America v. Alejandro Alquinta, No. 1:10cr00425-01
Restitution Judgment, page 3

## ATTACHMENT A TO RESTITUTION JUDGMENT

|  | Alejandro Alquinta | Total Due to Victim: |
|---|---|---|
| SunTrust Mortgage<br>Attn: Debbie Liguori ALX-6104<br>4020 University Drive<br>Fairfax, VA 22030 | $604,155.00 | $604,155.00 |
| Total Due from Defendant: | $604,155.00 | $604,155.00 |



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:10CR425 |
| | ) | |
| ALEJANDRO ALQUINTA, | ) | |
| | ) | |
| Defendant. | ) | |

### CONSENT ORDER OF FORFEITURE

WHEREAS, December 3, 2010, the defendant pled guilty to a one-count criminal information charging the defendant with conspiracy to commit wire fraud in violation of Title 18, United Sates Code, Section 1349, and pursuant to the defendant's plea, the defendant agreed to forfeit all of the defendant's interests in the property that is the subject of this order of forfeiture, and to the entry of an order of forfeiture concerning such property;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to discussion of forfeiture at the plea colloquy, notice of forfeiture in the charging instrument, and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States shall have a money judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 982(a)(2)(A), of $486,305.00, which represents the proceeds of the offense to which the defendant pled guilty.

U.S. v. Alquinta, 1:10CR425
Consent Order of Forfeiture
Page 2

    2. This consent order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A).

    3. Because the forfeiture consists of a money judgment, pursuant to Fed. R. Crim. P. 32.2(c)(1), no ancillary proceeding is required.

    4. The United States may move at any time, pursuant to Fed. R. Crim. P. 32.2(e), to amend this Consent Order of Forfeiture to forfeit substitute property to satisfy the money judgment in whole or part.

Date: __3/4/11__
Alexandria, Virginia

/s/ _____
Liam O'Grady
United States District Judge
Liam O'Grady
United States District Judge

WE ASK FOR THIS:

Neil H. MacBride
United States Attorney

By: _____
Uzo Asonye
Assistant United States Attorney

_____
ALEJANDRO ALQUINTA
Defendant

_____
Jonathan Simms, Esq.
Counsel for Defendant Alquinta